## No. 10,559.

### MILLER *v.* AMERICAN BANK AND TRUST CO.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action for money deposited in a bank. Judgment for defendant.

### *Affirmed.*

1. ASSIGNMENT—*Proof.* One who alleges the assignment to him of money deposited in a bank, the assignment being denied by the defendant bank, must prove the allegation.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES F. MILLER, pro se.

Messrs. FILLIUS, FILLIUS & WINTERS, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was plaintiff in an action against defendant in error to recover a sum of money alleged to have been deposited in the defendant bank by one Losee, and thereafter assigned to plaintiff.

The answer contains several special defenses, and a specific denial of the assignment of the claim to plaintiff. The plaintiff demurred to the several defenses in the answer, the demurrer was overruled, and, plaintiff having elected to stand on his demurrer, judgment was entered for the defendant. Plaintiff, in effect, by his demurrer to the answer, and expressly in his brief, denies that his allegation of an assignment of the claim required proof.

We are unable to understand upon what theory the plaintiff makes this contention. True, he asserts that the bank, not being in privity with his assignor, has no right to question the assignment, but that is no reason. It is perfectly evident that if the defendant paid the claim without proof of an assignment, it would do so at its peril, as the original depositor, or one having an assignment of the claim, would be entitled to collect the money. The plaintiff, having refused to sustain the allegation of an assignment, could not recover, and judgment having been entered accordingly, there is no occasion for considering the sufficiency of the special defenses. The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.